UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jason Moorehead<br>*Plaintiff*<br><br>V.<br><br>School District of the City of Allentown et al.<br><br>*Defendants* | Civil Action No.:<br>5:22-cv-03959-JMG |

PLAINTIFF JASON MOOREHEAD'S
MOTION FOR SECTION 1988 COSTS AND FEES

Plaintiff Jason Moorehead is seeking costs and fees pursuant to 42 U.S.C. § 1988 as the prevailing party against the defendant School District of the City of Allentown, Nancy Wilt, Lisa Conover, and Phoebe Harris. He requests $2,873,850 in fees, and $265,795.74 in costs.

This motion is based upon the attached memorandum of law, declaration of AJ Fluehr and the declaration of Francis Malofiy.

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC

*/s/ AJ Fluehr*
Alfred Joseph (AJ) Fluehr, Esquire
Attorney ID No.: 316503
31 S. Chester Road
Swarthmore, PA 19081
T: (215) 341-1063
F: (215) 500-1005
*Law Firm / Lawyers for Plaintiff*
*/d/ September 5, 2024*

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SECTION 1988 COSTS AND FEES

I.   INTRODUCTION

This case is a section 1983 action brought to remedy violations of plaintiff Jason Moorehead's First Amendment rights to speech, assembly, and association.

In civil rights litigation brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988(b) permits the prevailing party in the litigation to recover a reasonable attorney's fee, as well as the party's costs in the case.

Jason Moorehead prevailed on these claims in a jury trial with the verdict rendered on August 16, 2024, for a total of $131,500, and for which judgment was entered on August 22, 2024.

The violations of Plaintiff's rights by Defendants were always manifest and clear. Despite this, Defendants refused to clear Mr. Moorehead's name, instead eventually demanding that he return to a hostile and toxic environment they had created—and which they knew no similarly situated teacher would participate in. At trial, no principled reason was ever identified as to why the defamatory lies about Mr. Moorehead were not corrected.

The truth is that it was self evident after the February 2021 board meetings that Mr. Moorehead's return to work was impossible, and that the jury recognized that the over one-year long termination process because he "failed to report to work" was purely pretextual.

Given that Defendants unambiguously violated Mr. Moorehead's rights, and engaged in pretextual attempts to cover it up, an award of costs and fees is manifestly warranted.

## II.  LEGAL STANDARD

"The Congressional purpose behind enacting § 1988 . . .was 'to ensure effective access to the judicial process' for persons with civil rights grievances." <u>Migliori v. Lehigh County Bd. Of Elections</u>, 668 F. Supp. 3d 337, 348 (E.D. Pa. 2023) (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (quoting H.R. Rep. No. 94-1558, at 1 (1976)).

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses, . . . but Congress enacted 42 U.S.C. § 1988 in order to ensure that federal rights are adequately enforced." <u>Perdue v. Kenny A. ex rel. Winn</u>, 559 U.S. 542, 550 (2010) (citing <u>Hensley</u>, 461 U.S. at 429).

"Notwithstanding that 42 U.S.C. § 1988(b) provides that the district court 'may' award reasonable fees to a prevailing party 'in its discretion,' the Supreme Court has ruled that attorneys' fees must be awarded thereunder to a successful plaintiff 'unless special circumstances would render such an award unjust.' <u>Brewster v. Dukakis</u>, 3 F.3d 488 (1st Cir. 1993) (quoting <u>Blanchard v. Bergeron</u>, 489 U.S. 87, 89 n. 1, 109 S.Ct. 939, 942 n. 1, 103 L.Ed.2d 67 (1989)).

The Third Circuit observed in <u>Truesdell v Philadelphia Housing Authority</u> in 2002:

> The Supreme Court has given a "generous formulation" to the term "prevailing party," stating that "'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (citation omitted). In *Texas State Teachers Ass'n v. Garland Independent School Dist.,* 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), the Court synthesized the definition of "prevailing party" as follows: "[T]o be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which *changes the legal relationship* between itself and the defendant." *Id.* at 792, 109 S.Ct. 1486 (emphasis added). "The touchstone of the prevailing party inquiry must be the *material alteration of the legal relationship of the parties ...." Id.* at 792-93, 109 S.Ct. 1486 (emphasis added).

Truesdell v. Philadelphia Housing Authority, 290 F. 3d 159, 163 (3d. Cir. 2002).

The Eastern District of Pennsylvania provides that a reasonable attorney's fee may be awarded. Donofrio v. Ikea US Retail, LLC, 2:18-cv-00599-AB, Doc. No. 404 (ED Pa. July 22, 2024). The attorney's fee also includes a fee for paralegal type activity. Missouri v. Jenkins, 491 U.S. 274, 280–84 (1989); Choike v. Slippery Rock Univ. of Pennsylvania of the State Sys. of Higher Educ., No. CIV.A. 06-622, 2007 WL 3120097, at *9-15 (W.D. Pa. Oct. 22, 2007).

III.  APPLICATION

A costs and fees award for Plaintiff is required as he is the prevailing party in this litigation, because he obtained an enforceable judgment against several of the Defendants, and because no "special circumstances would render such an award unjust." Blanchard, 489 U.S. at 89 n. 1.

In support of the motion, Plaintiff attaches the declaration of Alfred J. (AJ) Fluehr who is counsel for Mr. Moorehead. Mr. Fluehr's declaration explains that he spent 1551.6 hours on the case, at a rate of $1,000 per hour. His fee calculation therefore totals $1,551,600.00.

The motion also attaches a declaration by Francis Malofiy. Mr. Malofiy worked as an attorney on the case, and also at a paralegal. He spent 1165.5 hours on the case, and the total applicable billing is $1,165,500.00.

In addition, Mr. Malofiy owns the law firm Francis Alexander LLC. His declaration identifies those individuals employed in attorney and paralegal roles directly related to the trial. These attorney and paralegal fees total $156,750.00.

Lastly, the declaration of Francis Malofiy, the owner of the law firm, delineates the actual costs paid out or owed on the case. These costs total $265,795.74.

## IV. CONCLUSION

Wherefore, Plaintiff Jason Moorehead respectfully requests this Court assess costs and fees against the following defendants: School District, Nancy Wilt, Lisa Conover, and Phoebe Harris.

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC

*/s/ AJ Fluehr*
Alfred Joseph (AJ) Fluehr, Esquire
Attorney ID No.: 316503
31 S. Chester Road
Swarthmore, PA 19081
T: (215) 341-1063
F: (215) 500-1005
*Law Firm / Lawyers for Plaintiff*

*/d/ September 5, 2024*

# Certificate of Service

I hereby state that a true and correct copy of the foregoing Plaintiff's Motion for Costs and Fees is being filed with the Court of record and thereafter being served to counsel of record via ECF:

John E. Freund III, Esquire
Brian Taylor, Esquire
King, Spry, Herman, Freund & Faul LLC
One West Broad Street| Suite 700
Bethlehem, PA  18018
T: (610) 332-0390
F: (610) 332-0314

*****

*Respectfully submitted,*
Francis Alexander, LLC

*/s/ AJ Fluehr*

Alfred Joseph (AJ) Fluehr, Esquire
Attorney ID No.: 316503
280 N. Providence Road | Suite 1
Media, PA 19063
T:  (215) 341-1063
F:  (215) 500-1005
*Law Firm / Lawyers for Plaintiff*

*/d/ September 5, 2024*