IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON MOOREHEAD, | : |
| | : No 5:22-cv-03959 |
| Plaintiff | : |
| | : THE HONORABLE JOHN M. GALLAGHER |
| v. | : |
| | : |
| SCHOOL DISTRICT OF THE CITY | : |
| OF ALLENTOWN, ET AL. | : |
| | : |
| Defendants. | : |

**DEFENDANTS' ADDITIONAL SUPPLEMENTAL BRIEF IN FURTHER OPPOSITION TO THE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

**I.     INTRODUCTION**

At the oral argument scheduled on May 6, 2025, Defendants the Allentown School District, *et. al.*, (collectively the "Defendants") will be prepared to present testimony of Attorneys John Harrison and Steven Hoffman, experienced civil rights practitioners in the Lehigh Valley, who can attest to a reasonable plaintiff's rate. Defendants will also be prepared to address the documents and argument submitted by the Plaintiff, Jason Moorehead (the "Plaintiff"), to support his claim for approximately $3.1 million in prevailing party fees.

With the Court's permission, on October 29, 2024, the Defendants filed a sur-reply brief in Further Opposition to the Instant Motion (ECF Doc. No. 210). The Plaintiff's opposition to the Defendants' Motion for Leave to file the Sur-Reply (ECF Doc. No. 208) functioned as a response to the Sur-Reply. The briefing will respond to these arguments.

The Defendants respectfully submit that the question before the Court is simple: did the Plaintiff meet the basic burden demanded by 42 U.S.C.S. § 1988(b)[1], a requirement that the

---

[1] **(b) Attorney's fees.** In any action or proceeding to enforce a provision of sections […] 42 USCS § 1983 […], the court, in its discretion, may allow the prevailing party, other than the United States,

prevailing party make a *reasonable* fee request. *Rode v. Dellarciprete*, 892 F.2d 1177 (3d Cir. 1990). What is expected of the Plaintiff has been thoroughly briefed, but it hardly requires citation that a prevailing party's fee demand should not differ from the fees that an attorney would request from their client after a litigation.

If the Plaintiff's attorneys were invoicing Mr. Moorehead for their work on this matter, they would not have dumped their entire AMEX bill into the fee demand, paid for multiple dinners and buffets for several people on Mr. Moorehead's dime, and then handed Mr. Moorehead a spreadsheet that claimed reimbursement for support staff by identifying only a name, a rate, and the number of hours claimed, without informing what value was added to the litigation. No attorney in the Commonwealth could submit an invoice like the fee petition at issue to their client and not be admonished[2].

## II. ARGUMENT

### A. Attorney Francis Malofiy is not a Paralegal – His Application for Fees is Contrary to PA R.D.E. 217(j) and the Third Circuit's Order

The fees requested on behalf of Mr. Malofiy are excessive, inappropriate, and unjustified. They do not meet the applicable statute or case law standard. Attorney Malofiy is precluded from

---

**a reasonable attorney's fee as part of the costs**, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction. 42 U.S.C.S. § 1988(b) (emphasis added).

[2] "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. **Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority**." Thus, district courts should view fee petitions as "[i]f plaintiffs were fee-paying clients," excluding those entries "normally charged to a fee-paying client." *Young v. Smith*, 269 F. Supp. 3d 251, 277 (M.D. Pa. 2017), *aff'd* 905 F.3d 229, 236 (3d Cir. 2018).

appearing as an Attorney in the Eastern District of Pennsylvania pursuant to an order of the Third Circuit. *In re Malofiy*, 653 F. App'x 148 (3d Cir. 2016); and *In re Malofiy*, 758 F. App'x 264 (3d Cir. 2018). The Plaintiff claims that Attorney Malofiy worked on this matter as a paralegal supervised by Attorney Fluehr. The plaintiff's most recent submission argues that this is allowed under the Pennsylvania Rules of Disciplinary Enforcement 217(j). However, a reading of Pa.R.D.E. 217(j) leads to the opposite conclusion.

Pa.R.D.E.(j)(4)(i) prevents an attorney from performing "supervised" work for the law firm that they were associated with on the date of the discipline that caused them not to be admitted. Attorney Malofiy owns the law firm representing the Plaintiff, and was its owner when he received the discipline cited *supra*. He is not eligible to be "supervised" by Attorney Fluehr (his employee). Further, a previously admitted attorney working as a paralegal must make certain filings with the disciplinary board documenting the arrangement pursuant to Pa.R.D.E.(j)(5); there is no proof that such an arrangement was documented.

Finally, while Plaintiff's submissions to the Court claim that Attorney Malofiy served as a paralegal, Attorney Malofiy's public statements say otherwise. A few days after the verdict, the Associated Press interviewed Attorney Malofiy. He named himself as the Plaintiff's attorney and vowed to "really put the screws to the district, put the screws to those board members, and demand that they put out a formal apology and correct this record." The article is attached as Exhibit A.

As mentioned before, Attorney Malofiy's time sheet takes the entries[3] referencing Attorney Fluehr's work, adds the term "& Related," and adds a round number. Adding "& related" to an

---

[3] To the extent that Attorney Malofiy claims attorney fees for the plaintiff's termination proceeding, attorney fees for that proceeding are improper for both Attorney Malofiy and Attorney Fluehr for the reasons established in the Defendants' prior submissions, and because the Plaintiff has not met his burden in proving a link between the termination proceeding (which was a proceeding to terminate the Plaintiff for failing to return to work) and the instant lawsuit which

attorney's billing does not make work into paralegal work as required by Pa.R.D.E.(j). Further, these billing entries do not aid the Court or Defendants in evaluating this billing claim. An example of the Plaintiff's attorney's time sheet is below.

| | FRANCIS ALEXANDER LLC FEE SCHEDULE | | |
|---|---|---|---|
| DATE | TASK | AJ HOURS | FRAN HOURS |
| 1/15/2021 | Drafting Demand Letter | 8 | |
| 1/19/2021 | Drafting Demand Letter | 8 | |
| 1/20/2021 | Researching case | 8 | |
| 1/21/2021 | Drafting Letter, Sending letter | 6 | |
| | Drafting Letter, Review & Related | | 50 |

### B. The Plaintiff's Attorneys' Fees Claim is Unsupported by Any Authority

Both $1000 an hour and $500 an hour are excessive demands for Attorney Fluehr[4]. The four civil rights cases Mr. Fluehr presented to this Court (including the instant matter) do not reflect ten years of experience in this field. The lodestar amount that Mr. Fleur claims is beyond what this attorney's experience justifies. Civil Rights practitioners in the Lehigh Valley, with decades of experience practicing before this Court and in the Middle District, claim a rate of $325 to $350 hourly.

The Plaintiff claims his attorneys deserve an increased rate because they were very "efficient" since two attorneys worked on this matter. Drafting the one-page letter transmitted on January 21, 2021, allegedly took eighty (80) hours (ECF Doc. No. 174-2, p. 4). This is not efficient. Additionally, the public record belies the Plaintiff's claim that "only" two attorneys work at his

---

alleged First Amendment Retaliation, amongst other claims unrelated to the Plaintiff's termination and which were dismissed. *D'Orazio v. Wash. Twp.*, 501 F. App'x 185, 188 (3d Cir. 2012).

[4] **The plaintiff bears the burden of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case**. Once the plaintiff has carried this burden, defendant may contest that prima facie case only with appropriate record evidence. In the absence of such evidence, the plaintiff must be awarded attorney's fees at her requested rate. If hourly rates are disputed, the district court must conduct a hearing to determine the reasonable market rates. *Smith v. Philadelphia Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997) (internal citations omitted) (emphasis added).

office. The plaintiff had no trouble hiring Attorney Rosen and claiming $1000 per hour for him to observe the trial. In addition, at least one other attorney publicly claims to be associated with the Plaintiff's attorney's office. Exhibit B. The Plaintiff's attorney's law firm can hire staff as necessary. They clearly had no difficulty retaining an entourage of support staff, as shown by their fee demand. The Plaintiff's attorney's staffing decisions do not entitle them to a higher hourly rate.

Secondly, the Plaintiff's attorneys claim a skill multiplier. Defendants will not take a position on the Plaintiff's attorneys' self-assessment of "mastery of the law, the evidence, trial advocacy, and preparation and presentation" (ECF Doc. No. 201, pp. 10-11). However, Defendants dispute that the Plaintiff's attorneys are entitled to a higher hourly rate than Attorneys Hoffman and Harrison, who are respected civil rights practitioners in the Lehigh Valley and do not charge the rates that the Plaintiff's attorneys claim. Further, the objective measure of an attorney's skill is the ultimate result achieved. The Plaintiff did not receive a satisfactory result (evidenced by the Plaintiff's motion pursuant to Fed. R. Civ. P. 59). The Plaintiff was unsuccessful in proving his claims of reputational harm or emotional damages. The awarded economic damages were far below the estimate presented by the Plaintiff's financial expert. The plaintiff was awarded a small fraction of the amount offered at the beginning of the trial. The result belies the Plaintiff's attorney's claim for a skill multiplier.

  C. **<u>Success is a Factor for the Court to Consider in Determining Attorney Fees and the Appropriateness of a Fee Application – The Plaintiff's award was Much Less than the Pre-Verdict offers, meriting a downward shift in fees</u>**

The Plaintiff references to Rule 408 of the Federal Rules of Evidence to support his argument that the Court should not consider settlement negotiations in determining prevailing party fees. The offer of $2.5 million extended on April 5, 2024, is not submitted as evidence of the

value of the plaintiff's fee or legal services; instead, it is evidence of the degree of success[5] in the plaintiff's attorney's representation.

The issues in the instant § 1988 motion is the plaintiff's creation. The plaintiff put the jurors, the Court, the district, and the plaintiff himself through an unnecessary two-week trial, which resulted in an award of $131,500 against a $2.5 million offer, and it is this trial that constitutes the bulk of the fee petition before the Court. The defendants offered $2.5 million; they were eager to avoid trial. The Defendants wrote to the Court on the eve of opening statements, requesting a last-minute conference. The Plaintiff was uninterested in accepting a settlement offer far beyond this matter's value. The support staff billing all post dates the date of the settlement offer – none of these costs would have been accrued if the Plaintiff had simply accepted the offer.

The plaintiff's argument that he was correct in rejecting the Defendants' settlement offers absent some "apology" also rings hollow. The Plaintiff has not produced evidence that these sums would have been accepted with an apology. The decision to hold a trial was purely the Plaintiff's, which led to the self-created inflation of attorney fees. A downward shift of any award is merited.

### D. **The Documents Submitted in "Support" of fees for Attorney Rosen and the Support Staff are so Flimsy that these Applications must be denied.**

Defendants have proven that the fee claim on behalf of Attorney Rosen (and the support staff) contains no supporting documentation. The Plaintiff's counsel now claims that Mr. Rosen was necessary because he was trying the case alone and wanted another experienced attorney present. ECF Doc. No. 208, p. 5, Fn. 7. This argument flies in the face of the Plaintiff's argument

---

[5] The Federal Rule of Evidence 408 does not bar the consideration of settlement negotiations in determining the reasonableness of an attorney's Fee demand. The evidence is not used to show liability or validity of a claim or amount, but rather the settlement negotiations are to be used to indicate the "degree of success obtained" by Plaintiff's counsel. *Smith v. Borough of Dunmore*, 2008 U.S. Dist. LEXIS 80450 *32-33 (M.D. Pa. Oct. 9, 2008), *citing*, *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

that his attorneys deserve a "skill multiplier." Surely, an attorney who has achieved a "mastery of the law, the evidence, trial advocacy, and preparation and presentation" would not need to hire another attorney to "observe the proceedings and thereby provide advice and trial expertise." The Plaintiff has not produced any evidence of Attorney Rosen's legal work. He has not produced any evidence that Attorney Rosen merits an hourly rate of $1000, or any hourly rate. No attorney (nor paralegal, intern, or other support staff) in the Commonwealth would submit an invoice with several hours multiplied by an arbitrary rate, without explaining how value was added to the client's representation and expect payment. The same should not be the case here.

    E. **Plaintiff Should not be Permitted to Submit Additional Evidence on the Eve of Oral Argument**

If the Plaintiff attempts to submit additional declarations or documents justifying the charges claimed in his fee application, it is respectfully submitted that the Court should discard the same. *Khal Anshei Tallymawr Inc. v. Twp. of Toms River*, 2025 U.S. Dist. LEXIS 57131 (D.N.J. Mar. 27, 2025). Any evidence documenting the appropriateness of the Plaintiff's fee application has been in the Plaintiff's possession since at least August 2024. The Court has permitted two rounds of briefing for the parties. Additional evidence submitted by the plaintiff either in a supplemental briefing or at the oral argument should be disregarded as prejudicial to the Defendants, and there is no justification for not disclosing this evidence during the past six months.

### III.    CONCLUSION

After all the points of law are considered and applied to the Plaintiff's request for fees, just two principles remain: (1) an application of fees should be reasonable, and the Court should award fees and costs for reasonable and necessary fees incurred; and (2) irresponsible and unprofessional fee demands should not be tolerated.

7

If this Honorable Court does not set aside the attorneys' fees petition entirely, the Defendants request that the fees and costs be reduced as detailed in the Defendants' response brief.

Respectfully submitted,

KING, SPRY, HERMAN, FREUND & FAUL

Dated: April 29, 2025			By: */s/John E. Freund, III, Esquire*
					John E. Freund, III, Esquire
					I.D. No. 25390
					Brian J. Taylor, Esquire
					I.D. No. 66601
					Shorav Kaushik
					I.D. No. 327934
					One West Broad Street, Suite 700
					Bethlehem, PA  18018
					610.332.0390
					Attorneys for the Defendants

**CERTIFICATE OF SERVICE**

The undersigned, attorney for Defendants, hereby certifies that a true and correct copy of the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system. The document has been served electronically on all counsel of record as follows:

AJ Fluehr, Esquire
FRANCIS ALEXANDER, LLC
280 N. Providence Road, Suite 1
Media, PA 19063
aj@francisalexander.com

Dated: April 29, 2025         By: */s/ John E. Freund, III, Esquire*
                                  John E. Freund, III, Esquire
                                  I.D. No. 25390
                                  Brian J. Taylor, Esquire
                                  I.D. No. 66601
                                  Shorav Kaushik
                                  I.D. No. 327934
                                  One West Broad Street, Suite 700
                                  Bethlehem, PA  18018
                                  610.332.0390
                                  Attorneys for the Defendants

978107235.1